```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
MOSES J. HAUSNER,

                Plaintiff,
                                            MEMORANDUM AND ORDER
   -against-                                Case No. 18-CV-0302 (FB)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x
```

Appearances:

*For the Plaintiff*:
HOWARD D. OLINSKY
Olinsky Law Group
300 South State Street
Syracuse, New York 13202

*For the Defendant*:
LAYALIZA SOLOVEICHIK
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Moses J. Hausner ("Hausner") seeks review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for Supplemental Security Income. Both Hausner and the Commissioner move for judgment on the pleadings. Because the Commissioner failed to consider relevant evidence when evaluating Hausner's impairments under specified Listing 12.05, both parties' motions are denied and the case is remanded for further proceedings consistent with this Memorandum and Order.

1

**I.**

On September 9, 2013, Hausner (born March 14, 1987) applied for SSI due to ADHD, depression, anxiety, stress, and tremors, for which Hausner alleged an onset date of August 19, 2011. The Social Security Administration denied Hausner's application on October 22, 2013, and Hausner subsequently sought and participated in a hearing before Administrative Law Judge ("ALJ") Sharda Singh. ALJ Singh rendered a decision in July 2016, applying the five-step evaluation process proscribed in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4), and ultimately denying Hausner's application.[1]

In relevant part, ALJ Singh determined that Hausner's mental impairments did not satisfy the requirements for an "Intellectual Disability" under Listing 12.05. That Listing requires that a claimant demonstrate: (1) "significant[] subaverage general intellectual functioning," which may be shown through evidence of an IQ

---

[1] The Commissioner must determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014). The burden of proof is on the claimant, but shifts to the Commissioner at the fifth step. *Id.*

score between 60 and 70; (2) deficits in "adaptive functioning;"[2] and (3) evidence showing an onset date of the claimant's impairment prior to age 22. 20 C.F.R. Pt. 404, Subpart P, Appendix 1, Listing § 12.05. In her decision, ALJ Singh found that Hausner's IQ score from a 1997 examination was higher than the maximum permissible score, and that the record did not support a determination that Hausner had "deficits in adaptive functioning." The ALJ's decision became final in November 2017 when the Appeals Council denied Hausner's petition for review.

Hausner now challenges the Commissioner's final decision, arguing that the ALJ ignored relevant information contained in the record, and that the decision is therefore unsupported by substantial evidence. The Court agrees and remands for additional consideration of Hausner's application under Listing 12.05.[3]

---

[2] In addition to an IQ score between 60 and 70, a claimant may demonstrate "deficits in adaptive functioning" by showing:
(i) "a physical or other mental impairment imposing an additional and significant work-related limitation of function;" or
(ii) at least two of the following:
 (1) a "[m]arked restriction of activities of daily living";
 (2) "[m]arked difficulties in maintaining social functioning;"
 (3) "[m]arked difficulties in maintaining concentration, persistence, or pace;" or
 (4) "[r]epeated episodes of decompensation [i.e., the inability to cope with stress], each of extended duration."
20 C.F.R. Pt. 404, Subpart P, Appendix 1, Listing § 12.05.

[3] Hausner also challenges the ALJ's decision regarding his residual functional capacity. We do not address that issue here because we remand for consideration of whether Hausner's mental impairments satisfy Listing 12.05 and automatically qualify for SSI benefits. 20 C.F.R. § 404.1520(d).

3

## II.

The Court may set aside a final determination that is "based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). An ALJ's factual findings are entitled to deference, but that deference is not unlimited and reviewing courts must consider the record *as a whole* to assess whether (or not) an ALJ's findings mischaracterize or ignore relevant evidence. *See Wilson v. Colvin*, 213 F.Supp.3d 478, 485 (W.D.N.Y. 2016) (quoting *Brennon v. Colvin*, No. 13-cv-6338, 2015 WL 1402204 at *16 (S.D.N.Y. March 25, 2015) ("In evaluating the record, the ALJ may not ignore or mischaracterize evidence of a person's alleged disability.")). Upon review, the Court finds that the Commissioner's decision to reject Hausner's application under Listing 12.05 is deficient in two respects.

First, the ALJ mischaracterized evidence regarding Hausner's IQ when she rejected, without explanation, an IQ evaluation from 2015 that showed Hausner possessed an IQ of 64—within the Listing's qualifying range—and relied instead on a 1997 IQ evaluation that showed an IQ above the permissible range. But for a passing reference to the "significant fluctuation" between Hausner's two IQ scores,

4

ALJ Singh's decision is devoid of any explanation whatsoever as to why she chose to credit a non-qualifying IQ score and discard a qualifying one. The Court recognizes that ALJs are afforded discretion to resolve genuine conflicts in evidence, but it "is not proper for [an] ALJ to simply pick and choose . . . only such evidence that supports [their] determination, without affording consideration to evidence supporting the plaintiff's claims." *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004). Moreover, the ALJ's preference for the higher IQ score runs counter to the prevailing rule of "most courts," which "assume that *a* valid IQ result in the numerical range satisfies the first prong of [Listing 12.05], and no additional inquiry is appropriate." *Castillo v. Barnhart*, No. 00 CIV. 4343, 2002 WL 31255158, at *14 n.6 (S.D.N.Y. Oct. 8, 2002) (emphasis added).[4] Whatever grounds the ALJ had in mind when she rejected the qualifying IQ score remain a mystery, but without further elaboration the Court cannot agree that the denial of Hausner's application is properly based on substantial evidence.

Second, the ALJ's conclusion that "the record does not show deficits in adaptive functioning" ignores significant record evidence to the contrary. For instance, treatment notes from a childhood neurology specialist, Dr. Richard

---

[4] *See also Nieves v. Sec'y of Health & Human Servs.,* 775 F.2d 12, 14 n.5 (1st Cir.1985); *Cunningham v. Heckler,* 764 F.2d 911, 913 (D.C. Cir. 1985); *Adams v. Heckler,* 742 F.2d 1321, 1322 (11th Cir.1984); *Kennedy v. Heckler,* 739 F.2d 168, 172 (4th Cir.1984); *Smith v. Heckler,* 735 F.2d 312, 318 (8th Cir.1984)

5

Schwimmer, opine that Hausner had "a history of significant developmental delay," was "far below grade level in English and reading," unable to "add, subtract or multiply" (Hausner was nearly 14 at the time of Dr. Schwimmer's evaluation), and that Hausner was "excessively distractible," "very disorganized," and had "great difficulty keeping friends." Treatment notes from treating psychologist Dr. Albert Ortega state that Hausner routinely performed "below normal" on memory and attention evaluative tests. Yet another treating psychologist, Dr. Charles Yurkewicz, administered an "Adaptive Behavior" assessment and observed that Hausner scored in the "low" range on all four tested "domains" of adaptive behavior (communication, daily living skills, socialization, and "adaptive behavior composite").

Lastly, Hausner averred in his testimony before the ALJ that he never obtained a high school diploma, received only a 10th grade education, and attended special education programs for most (if not all) of his schooling. *See Decarlo v. Astrue*, No. 06-cv-488, 2009 WL 1707482 at *6 (N.D.N.Y. June 17, 2009) ("Courts have found circumstantial evidence, such as the following, sufficient to infer deficits in adaptive functioning prior to age 22: evidence a claimant attended special education classes, dropped out of high school before graduation, or had difficulties in reading, writing or math.").

In sum, the record is replete with medical and testimonial evidence that Hausner suffered "deficits in adaptive functioning" both before and after the age of 22. Given the ALJ's complete failure to discuss or even recognize this evidence in her consideration of the Listing, the Court finds that the decision to reject Hausner's application is not supported by substantial evidence.

## III.

For the foregoing reasons, both motions for judgment on the pleadings are denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 7, 2019